UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY              :     **Civil Action No.:**
COMMISSION,                                :     5:14-CV-782 [LEK/TWD]
                                           :
                                           :
             Plaintiff,                   :
                                           :
   v.                                      :     **COMPLAINT**
                                           :     **AND**
TIOGA TRANSPORT, INC.,                     :     **JURY TRIAL DEMAND**
                                           :
             Defendant                    :
-----------------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Patricia McGregor ("Charging Party") and four other female employees (jointly "Claimants") who were adversely affected by such unlawful practices.

As alleged with greater particularity in paragraph 9 below, Defendant Tioga Transport, Inc. ("Defendant") subjected the Charging Party and Claimants to sexual harassment and created and maintained a hostile work environment based on their sex (female) in violation of Title VII. The Charging Party and Claimants were sexually harassed by Defendant's owner, Charles Chapman, and the Charging Party was constructively discharged due to Defendant's failure to remedy the harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The alleged unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the Northern District of New York.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission ("Commission" or "EEOC") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a New York corporation, doing business in the State of New York, and the City of Oswego and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit Patricia McGregor filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. The conciliation efforts required by law have occurred and were unsuccessful:

   a. On June 27, 2013, the Commission issued Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the EEOC in informal methods of conciliation.

   b. On September 13, 2013, EEOC issued a Notice of Conciliation Failure advising Defendant that despite its efforts EEOC was not able to secure an agreement acceptable to the Commission.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least January 2011 through November 2013, Defendant engaged in unlawful employment practices at its Oswego, NY facility, in violation of Sections 703 and 706 of Title VII, 42 U.S.C. §§2000e-2 and 2000e-5. These unlawful practices included, but were not limited to the following:

   a. Defendant subjected the Charging Party and Claimants to sexual harassment and created and maintained a hostile work environment based on their sex (female);

   b. The sexually hostile work environment and unwelcome conduct of a sexual nature included, but was not limited to, the following conduct:

      i. Chapman telling one young woman that she should get a "boob job" and suggesting she should "wear a tighter shirt so we can see those big boys;"

      ii. Chapman frequently wagging his tongue and licking his lips in an obscene fashion while staring perversely at women's breasts; and

      iii. Chapman grazing his body against and/or touching women's breasts.

3

   c. The Charging Party complained to Defendant about the sexually hostile work environment and unwelcome conduct, but Defendant failed to take any action to stop it or prevent any further harassment which caused the Charging Party to be constructively discharged.

10 The effect of the practices complained of in paragraph 9 above has been to deprive female employees of equal employment opportunities or otherwise adversely affect their status as employees because of their sex.

11 The unlawful employment practices complained of in paragraph 9 above were intentional.

12. The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of the Charging Party and Claimants.

## **PRAYER FOR RELIEF**

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexually harassing conduct and other employment practices which discriminate on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its unlawful employment practices.

C. Order Defendant to make whole the Charging Party by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial.

D. Order Defendant to make whole the Charging Party and Claimants by providing

compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 9, in amounts to be determined at trial.

E. Order Defendant to make whole the Charging Party and Claimants by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 9, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay the Charging Party and Claimants punitive damages for its malicious and reckless conduct described in paragraph 9, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL AND DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: June 27, 2014  
New York, New York

Respectfully submitted,

P. David Lopez  
General Counsel

James L. Lee  
Deputy General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
131 M Street, N.E.  
Washington, D.C. 20507

 /s/ Robert D. Rose_____  
Robert D. Rose  
Regional Attorney  
robert.rose@eeoc.gov

5

  /s/ Nora E. Curtin\
Nora E. Curtin\
Supervisory Trial Attorney\
nora.curtin@eeoc.gov

New York District Office\
33 Whitehall Street, 5th floor\
New York, N.Y. 10004-2112

  /s/ Judith A. Biltekoff\
Judith A. Biltekoff\
Senior Trial Attorney\
Buffalo Office\
6 Fountain Plaza, Suite 350\
Buffalo, N. Y. 14202\
Telephone:  (716) 551-3394\
Facsimile:   (716) 551-4387\
judith.biltekoff@eeoc.gov